# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GREGORY L. SABASTION, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:05-CV-00118 ERW |
| GARY KEMPKER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Motions to Dismiss by Defendant Correctional Medical Services (CMS) [doc. #9] and by Brenda Short, Kim Krafve,[1] Jack Sandberg, Stephen Bay,[2] and Bob Searcy (Individual Defendants), employees of Missouri Eastern Correctional Center (MECC) [doc. #13].

## I. BACKGROUND

On January 25, 2005, Plaintiff Gregory L. Sabastion filed a Complaint against CMS, Individual Defendants, and five other defendants previously dismissed from the case. Plaintiff alleges that, during his incarceration at MECC, Individual Defendants referred to him as a "snitch" to other inmates. Allegedly, "this false rumor spread" and Plaintiff suffered a "damaged tailbone" after an inmate threw hot water on Plaintiff and caused him to slip and fall in the shower. Plaintiff asserts that, when he sought medical attention, CMS failed to provide adequate treatment. Plaintiff seeks to hold Defendants liable under 42 U.S.C. § 1983.

---

[1]Defendant's Motion to Dismiss notes that Kim Krafve's name was incorrectly stated in Plaintiff's Complaint as "Kim Krafue."

[2]Defendant's Motion to Dismiss notes that Stephen Bay was identified in Platintiff's Complaint as "Unknown Bay."

On March 15, 2005, CMS filed a 12(b)(6) Motion to Dismiss arguing that Plaintiff has failed to state a claim because Plaintiff failed to establish a causal link between CMS and his alleged injury. After noting that Plaintiff had failed to file a response to CMS's motion, on April 8, 2005 the Court ordered Plaintiff to show cause by April 22, 2005 why CMS's Motion to Dismiss should not be granted. On April 14, 2005, Individual Defendants filed a 12(b)(6) Motion to Dismiss arguing that the claims against Individual Defendants were barred by state immunity under the Eleventh Amendment. After again noting that Plaintiff failed to file a response, the Court ordered Plaintiff to show cause by May 23, 2005. Plaintiff has failed to respond to either motion and the deadlines imposed by the Court for responding have expired.

## II. MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well settled. A complaint will not be dismissed for its failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking Co.*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In considering a motion to dismiss, the Court takes all allegations in the complaint as true and views the facts alleged in the light most favorable to the non-moving party. *Double D Spotting Serv., Inc. v. Supervalu, Inc.*, 136 F.3d 554, 556 (8th Cir. 1998). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Krentz v. Robertson Fire Prot. Dist.*, 228 F.3d 897, 905 (8th Cir. 2000) (holding that the plaintiff's failure to exhaust his administrative

remedies foreclosed his opportunity to litigate in federal court) (citations omitted).

## III. DISCUSSION

### A. Claim Against CMS

Plaintiff seeks to hold CMS liable under §1983 for failing to provide adequate medical treatment after he allegedly suffered injury to his "tailbone." However, Plaintiff's Complaint fails to establish a causal link between CMS and the alleged unconstitutional treatment.

Congress has established that a "person" is subject to civil liability if he or she deprives another of a constitutional right while acting under color of law. 42 U.S.C. § 1983. While "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (emphasis in original), the entity cannot be held liable for the acts of its employees under the doctrine of *respondeat superior. See Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (citing *Bolin v. Black*, 875 F.2d 1343, 1347 (8th Cir. 1989)); *see also St. Louis v. Praprotnik*, 485 U.S. 112, 121-22 (1988). To impose §1983 liability on a governmental entity, a plaintiff must prove that his injury was caused by a specific policy or custom promulgated by that entity. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff has not alleged that CMS caused his injury as a result of its own "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Likewise, Plaintiff has not alleged that CMS had a "custom" of acting deliberately indifferent to "a continuing, widespread, persistent pattern of constitutional misconduct by [its] employees." *Id.* Plaintiff merely challenges the sufficiency of treatment he received as a result of a single medical

problem that he alone experienced. All of the specific allegations made by Plaintiff involve isolated actions by individual actors, and none of the allegations in Plaintiff's complaint allege that he was injured as a result of any policy or custom promulgated by CMS. Because Plaintiff has not shown any causal relationship between CMS and his alleged constitutional injuries, his claim against CMS is without merit and must be dismissed.

### B. Claims Against Individual Defendants

Plaintiff's Complaint does not indicate whether he is suing Individual Defendants in their individual or official capacities. Personal-capacity suits typically allege that a government official is individually liable for the deprivation of a federal right as a result of actions taken outside the scope of his official duties, but under color of law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In such suits, the face of the complaint must clearly notify the defendant that he may be personally liable for any damages arising out of the suit. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). When a plaintiff's claim does not specify whether the defendant is being sued in his personal or official capacity, the court interprets the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997). Because Plaintiff's claims do not indicate whether he is bringing suit against Individual Defendants in their individual or official capacities, the Court interprets the Complaint as stating only official-capacity claims.[3]

---

[3]*Pro se* complaints are generally held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). However, this does not mean that basic pleading requirements are abrogated in *pro se* suits. *See, e.g., Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions."); *Haines*, 404 U.S. at 521 (holding *pro se* petitioner to *Conley* pleading standard); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) ("Our duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations."); *Flores v. Anoka County*, 2002 WL

4

Because this Court must interpret the complaint as including only official-capacity claims, Plaintiff's claims against Individual Defendants are barred by state immunity under the Eleventh Amendment. The Eleventh Amendment limits federal courts' jurisdiction in civil rights cases involving states and their employees. *Id.* Consistent with the Eleventh Amendment, § 1983 claims against States and state officials are not viable. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). A suit against a state employee acting in an official capacity is considered a suit against the State. *Hafer*, 502 U.S. at 25. "Although state officials literally are persons, an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office. As such, it is no different than a suit against the state itself." *Id.* at 26 (internal quotation marks and citations omitted). Moreover, any resulting liabilities would have to be paid out of the State's coffers, and the Eleventh Amendment bars suits by "private parties seeking to impose a liability which must be paid by public funds in the state treasury." *Nix*, 879 F.2d at 432 (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

Because Plaintiff's claims for damages against Individual Defendants are in their official capacities as employees of MECC, they are barred by state immunity under the Eleventh Amendment.

## IV. CONCLUSION

---

31163130 (D. Minn. 2002) (construing unspecified capacity in *pro se* complaint as asserting only official capacity claims). In suits where the plaintiff seeks to hold defendant personally liable, the face of the complaint must put the defendant on clear notice that he is being sued in his personal capacity. *Nix*, 879 F.2d at 431. When a plaintiff's claim does not specify whether the defendant is being sued in his personal or official capacity, the court must interpret the complaint as asserting only official-capacity claims. *Egerdahl*, 72 F.3d at 619. The Eighth Circuit "strictly enforce[s] this pleading requirement because the Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." *Murphy*, 127 F.3d at 755 (citing *Nix*, 879 F.2d at 431 and *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989)). Accordingly, the Court strictly construes Plaintiff's claims as official-capacity claims in spite of his *pro se* status.

Plaintiff's Complaint fails to establish a causal link between CMS and his alleged injury. Because *respondeat superior* cannot be the basis of liability in a §1983 action and Plaintiff has not identified a policy or custom that caused his injury, he has failed to state a claim on which relief can be granted. Thus, the claim against CMS will be dismissed.

Additionally, Because Plaintiff's Complaint does not indicate whether Individual Defendants are being sued in their official or individual capacities, the Court must interpret the claims as official-capacity claims only. Official-capacity claims are considered claims against the state and consequently are barred by the Eleventh Amendment. Therefore, the claims against Individual Defendants will be dismissed.

**IT IS HEREBY ORDERED** that the Motion to Dismiss [doc. #9] brought by CMS is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss brought by Defendants Brenda Short, Kim Krafve, Jack Sandberg, Stephen Bay, and Bob Searcy [doc. #13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**. An appropriate order of dismissal will accompany this Order.

So Ordered this  29th  day of  July  , 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE